UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>  Plaintiff,<br><br>  v.<br><br>F. CONSTANCIO, et al.,<br><br>  Defendants. | No. 2:17-cv-0679-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on claims that arose at the California Health Care Facility against defendants Constancio and Lewis. *See* ECF No. 21 at 3. Before the court are two "ex parte motions" filed by plaintiff. ECF Nos. 36, 37. In the first, plaintiff states that his life is in danger at Corcoran State Prison because he was stabbed by another inmate at the direction of several correctional officers and requests "protection" from the court. ECF No. 36. In the second, he requests to speak with defense counsel in order to "facilitate a safer housing environment." ECF No. 37 at 4. Construing these motions as requests for a temporary restraining order, they must be denied.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp.

1

1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Plaintiff's motions do not meet this standard. First, they address conduct that is not a subject of this action, and therefore fail to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011). Plaintiff has not shown that he cannot obtain relief from the alleged misconduct of prison staff at Corcoran State Prison through the administrative appeals process and, if necessary, by challenging it in a separate lawsuit.

Secondly plaintiff is no longer housed at Corcoran State Prison. *See* ECF Nos. 37 (regarding transfer to California Health Care Facility); ECF No. 38 (regarding transfer to California Men's Colony). Thus, plaintiff's concerns regarding an unsafe housing environment and officials at Corcoran are now moot and a temporary restraining order is not warranted at this time.

/////

Accordingly, it is hereby ORDERED that the Clerk randomly assign a United States District Judge to this action.

Further, it is hereby RECOMMENDED that plaintiff's "ex parte motions," construed as motions for a temporary restraining order (ECF Nos. 36 & 37) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 3, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE